## JOSEPH FOUNTAIN
### vs.
## CHOATE SCHOOL, INC., ET AL.

Superior Court      New Haven County      File #44673

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Lawrence C. Caplan,         Attorney for the Plaintiff.

### MEMORANDUM FILED FEBRUARY 18, 1935

BOOTH (JOHN RUFUS), J.   The action is an appeal from a Finding and Award of the Compensation Commissioner for the Third Congressional District.

The reasons for appeal are three in number.   First and second seek a correction of the Finding as made by adding thereto certain paragraphs and striking therefrom certain other paragraphs.   The third relates to a ruling by the Commissioner upon an offer of evidence.

An examination of the evidence, which was made a part of the appeal, discloses that no material changes can be made in paragraph ten of the Finding.   This paragraph sets forth the essential substance of the applicable evidence.   The fact that the claimant's wife may have told him that he would not be rehired by the employer would only have importance if it had a basis in fact or reasonable probability that it expressed the employer's attitude.   The evidence of the claimant that he himself was told by the employer's representative to come back to work justifies the Commissioner in treating this incident as immaterial to the decision, and his failure to include it in the Finding can not be held to be erroneous. The conclusion contrary to the claim now made that the claimant did not return to work because he was unable to obtain other work is not unreasonable for the same reason

in view of his testimony concerning his employment with the respondent and the reasons assigned for his failure to obtain work elsewhere. In these particulars, therefore, paragraph ten should not be modified as requested.

Claimant seeks also to have paragraph twelve of the Finding modified to meet the modifications which have been disposed of heretofore. Because of this disposition, it is unnecessary to discuss the propriety of a request of this kind. Without the changes sought in paragraph ten this paragraph must stand as it appears in the Finding.

The request to reverse the Commissioner's conclusion contained in paragraph eleven that the claimant has failed to prove total incapacity disregards the burden of proof which rests upon him and very pertinent considerations to be drawn from the claimant's employment history and the medical evidence. . The Court can not say that the Commissioner was in error in drawing the conclusion set forth in this paragraph.

The claimant also seeks that paragraph thirteen be modified in several particulars, main among which are findings to the effect that his back condition is traceable directly to the original injury, is disabling in character and that he requires medical attention in the form of controlled exercise. A review of all the evidence indicates that the claimant for substantial periods did light work, and that he himself felt that he could do such work. The Commissioner was not bound by the expression of medical opinion to disregard these other elements in the testimony. The Finding of the Commissioner was not dependent upon the lack of connection between the back injury and the present condition of claimant's muscles and tendons as set forth in this paragraph, but rather upon the failure of the claimant to establish a compensable disability resulting from this condition. For these reasons, it cannot be found that the Commissioner was in error in shaping his Finding as set forth in paragraph thirteen.

The third reason of appeal seeks to raise the question of the Commissioner's exclusion of certain evidence upon the hearing. It has never been the practice to review such rulings in the absence of their inclusion in the Finding, and even then the informality of the proceedings accords a wide latitude not dependent upon the rules of evidence applicable in other proceedings. The real test would seem to indicate a review of the whole matter in dispute in relation to the evidential

question, particularly where it has taken the form of excluding evidence claimed to be pertinent to the matter on hearing. Therefore, passing the formal objection to this method of raising the question, it may perhaps be the duty of the Court to determine whether the claimant's case has been prejudiced by the ruling complained of. The rights of the parties up to December 27th, 1933 had been fixed by a voluntary agreement complied with by the respondents and concerning which no claim was urged by the claimant. His sole contention concerned the period from that date onward, and unless the evidence was claimed to establish a casual connection between the original injury and his present state, it could have no bearing in the matter before the Commissioner. As above pointed out, the ultimate decision was based upon the failure to establish incapacity rather than a casual connection between the injury and the present condition, and although it may be well to remark that all reasonable latitude should be given a claimant to present his case to the Commissioner with such detail as he conceives to be important, nevertheless in this instance it cannot be held that the present claimant was prejudiced by the ruling complained of.

For the foregoing reasons the appeal is dismissed.